Mark A. Neubauer (73728)
Email: mneubauer@cfjblaw.com
CARLTON FIELDS JORDEN BURT, LLP
2000 Avenue of the Stars, Suite 530 North Tower
Los Angeles, California 90067-4707
Telephone: 310.843.6300
Facsimile: 310. 843.6301

Steven J. Brodie (Admitted *Pro Hac Vice*)
Email: SBrodie@cfjblaw.com
Daniel G. Enriquez (Admitted *Pro Hac Vice*)
Email: DEnriquez@cfjblaw.com
CARLTON FIELDS JORDEN BURT, LLP
Miami Tower
100 SE Second Street, Suite 4200
Miami, Florida 33131-2113
Telephone: 305.530.0050
Facsimile: 305.530.0055

Attorneys for Defendant AIG SPECIALTY
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFFICE DEPOT, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>AIG SPECIALTY INSURANCE COMPANY formerly known as AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Defendants. | Case No.: 2:15-cv-2416-SVW(JPRx)<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**AIG SPECIALTY INSURANCE COMPANY'S NOTICE OF MOTION TO DISMISS COUNTS II-IV OF THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: June 22, 2015<br>Time: 1:30 p.m.<br>Courtroom: 6<br><br>Complaint filed: April 2, 2015 |

1

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 22, 2015 at 1:30 p.m. or as soon thereafter as the matter maybe heard, in Courtroom 6 of the United States District Court for the Central District of California, the Hon. Stephen V. Wilson presiding, located at 312 North Spring Street, Los Angeles, California 90012, Defendant AIG Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company ("ASIC"), will and hereby does move the Court pursuant to Fed. R. Civ. P. 12(b)(6), for entry of an order dismissing Counts II through IV, inclusive, of the Complaint for failure to state a claim upon which relief can be granted.

The Motion is made upon the grounds that:

- Plaintiff's Second Count that ASIC breached its duty to indemnify fails to state a claim upon which relief can be granted because the relief sought is barred by Section 533 of the California Insurance Code;

- Plaintiff's Third Count for tortious breach of the implied covenant of good faith and fair dealing is premature under Florida law and should be dismissed under Rule 12(b)(6) or, in the alternative, abated under Rule 42(b); and

- Plaintiff's Fourth Count for declaratory relief is duplicative of its breach of contract claims and should therefore be dismissed.

The Motion is based on the Memorandum of Points and Authorities, the Complaint for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing and Declaratory Relief, and such other and further pleadings, the exhibits to the Complaint (including the Corrected First Amended Complaint in the matter captioned *State of California et al., ex rel. David Sherwin v. Office Depot,*

1

*Inc.*) and documents referenced in the Complaint, and evidence and argument to be made at the hearing on the Motion.

**Certification**:  This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on May 11, 2015.

Dated:  May 18, 2015                    CARLTON FIELDS JORDEN BURT, LLP
                                        MARK A. NEUBAUER


                                        By:___/s/ Mark A. Neubauer_____
                                        MARK A. NEUBAUER
                                        Attorneys for Defendant AIG SPECIALTY
                                        INSURANCE COMPANY

# **TABLE OF CONTENTS**

I.   INTRODUCTION ....................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND .......................................2

III. SECTION 533 BARS PLAINTIFF'S INDEMNITY CLAIM .......................4

   A. Section 533 precludes indemnification for willful acts ...................................4

   B. Section 533 of the California Insurance Code Applies Here ..........................8

IV.  FLORIDA LAW REQUIRES PLAINTIFF'S BAD FAITH CLAIM BE
     DISMISSED OR ABATED ...................................................................11

   A. Office Depot's bad faith claim is premature .................................................11

   B. Florida's bad faith law applies to this case ...................................................12

V.   PLAINTIFF'S DECLARATORY JUDGMENT CLAIM IS DUPLICATIVE
     OF THE BREACH OF CONTRACT CLAIMS ..............................................14

VI.  CONCLUSION ...................................................................................15

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Axis Reinsurance Co. v. Telekenex, Inc.*,
  913 F. Supp. 2d 793 (N.D. Cal. 2012).................................................................5

*Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.*,
  2013 WL 3892956 (S.D. Fla. July 26, 2013) .....................................................12

*Col. Cas. Ins. Co. v. Candelaria Corp.*,
  2010 WL 1268027 (C.D. Cal. Mar. 31, 2010) at *5-6 ...................................9, 11

*Keiholtz v. Lennox Hearth Products, Inc.*,
  268 F.R.D. 330 (N.D. Cal. 2010) .................................................................9, 10

*Knievel v. ESPN*,
  393 F. 3d 1068 (9th Cir. 2005) ............................................................................3

*Mangindin v. Wash. Mut. Bank*,
  637 F. Supp. 2d 700 (N.D. Cal. 2009).................................................................15

*Nichols v. Nw. Mut. Life Ins. Co.*,
  487 F. App'x 339 (9th Cir. 2012).......................................................12, 13, 14

*Paul Revere Life Ins. Co. v. Patniak*,
  2004 WL 1059805 (D.N.J. April 1, 2004) .........................................................13

*QBE Ins. Corp. v. Dome Condo. Ass'n*,
  577 F. Supp. 2d 1256 (S.D. Fla. 2008)................................................................13

*S.A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*,
  641 F.2d 746 (9th Cir. 1981) ...............................................................................2

*Tat Tohumculuk, A.S. v. H.J. Heinz Co.*,
  2013 WL 6070483 (E.D. Cal. Nov. 14, 2013) ...................................................15

*Technology & Intellectual Property Strategies Group PC v. Fthenakis*,
  2011 WL 3501690 (N.D. Cal. Aug. 10, 2011) ...................................................15

*Trailer Marine Transport Corp. v. Chicago Ins. Co.*,
  791 F. Supp. 809 (N.D. Cal. 1992) ........................................................ 5

**California Cases**

*California Amplifier, Inc. v. RLI Insurance Co.*,
  94 Cal. App.4th 102 (2001) ..................................................... 4, 5, 8

*Hurtado v. Superior Court*,
  11 Cal. 3d 574 (Cal. 1974) ..................................................... 9, 10

*Marie Y. v. General Star Indem. Co.*,
  110 Cal. App. 4th 928 (Cal. App. Ct. 2003) ...................................... 9

*Mez Indus., Inc. v. Pac. Nat. Ins. Co.*,
  76 Cal. App. 4th 856 (Cal. Ct. App. 1999) ...................................... 5

*Old Republic Ins. Co. v. FSR Brokerage, Inc.*,
  80 Cal. App. 4th 666 (2000) ...................................................... 14

*Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.*,
  78 Cal. App. 4th 847 (Cal. Ct. App. 2000) ...................................... 13

**Other State Cases**

*Blanchard v. State Farm Mut. Auto. Ins. Co.*,
  575 So. 2d 1289 (Fla. 1991) ...................................... 2, 11, 12, 13

*Landmark American Ins. Co. v. Studio Imports, Ltd., Inc.*,
  76 So. 3d 963 (Fla. 4th DCA 2011) .............................................. 12

*Miami Battery Mfg. Co. v. Boston Old Colony Ins. Co.*,
  1999 WL 34583205 ................................................................. 12

*Ranger Ins. Co. v. Bal Harbour Club, Inc.*,
  549 So. 2d 1005 (Fla. 1989) ...................................................... 10

*Vest v. Travelers Ins. Co.*,
  753 So. 2d 1270 (Fla. 2000) ................................................. 11, 12

**California Statutes**

California False Claims Act
  Section 12651(a)(1) ................................................................ 5

California Insurance Code
    Section 533 ................................................................................................*passim*

**Other State Statutes**

§ 624.11(1), Florida Statutes .................................................13

**Other Authorities**

Fed. R. Civ. Proc. Rule 12(b)(6).............................................12

Fed. R. Civ. Proc. Rule 42(b) .................................................12

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Office Depot seeks relief that is prohibited by law.  In 2014, Office Depot paid $68.5 million in settlement funds to numerous California government entities arising from a *qui tam* lawsuit under the California False Claims Act (the "Whistleblower Suit").  The Whistleblower Suit alleged that Office Depot "knowingly" used "fraudulent schemes" to overcharge California public entities by millions of dollars.

As a matter of California public policy and statute, Office Depot cannot insure itself against that willful act.  Yet that is exactly what Office Depot seeks in this lawsuit, claiming that its liability insurer (Defendant ASIC), is obligated to reimburse Office Depot for $30 million of the amounts Office Depot paid to California public entities to settle those fraud claims.

Section 533 of the Insurance Code precludes that insurance as a matter of California public policy.  Section 533 provides that an "insurer is not liable for a loss caused by the willful act of the insured."  This statute is intended to protect California citizens and deter wrongdoing within California's borders.

Because California has a profound interest in applying Section 533, California law governs this issue under the "governmental interest" choice of law test.  To allow Office Depot to use insurance to hold itself harmless for these willful acts against California public entities would contravene the California public policy underlying Section 533.

By contrast, while California has an interest in making sure wrongdoers in this state cannot insulate themselves from responsibility by obtaining insurance in violation of Section 533, California does not have any such compelling interest in the insurance relationships between Florida residents and their insurers.   But Florida does.

1

Florida law requires the immediate dismissal or abatement of Office Depot's bad faith claim.  Office Depot is a Florida policy holder with a policy indicating performance in Florida.   As established by the Florida Supreme Court in *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991), a policyholder cannot maintain a bad faith action **until there is first a determination** that the insurer has breached the policy.  There has been no such determination here.  Accordingly, Office Depot's bad faith claim is premature under governing law and must be dismissed or abated.

While California's Section 533 applies to Office Depot's claim for indemnity, Florida law governs Office Depot's "bad faith" claim between a Florida resident and its insurer.  It is axiomatic that courts must conduct a separate choice-of-law analysis with respect to each issue in a case.  *S.A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*, 641 F.2d 746, 749 (9th Cir. 1981).

Here, Office Depot, a Florida—not a California—resident, obtained a policy indicating performance in Florida.   That law governs the policy for purposes of bad faith analysis.  California has no such governmental interest in the relationships between out-of-state insureds and their carriers.

Finally, Office Depot's declaratory judgment claim is duplicative of its breach of contract claims and should be dismissed as redundant.  Office Depot seeks a declaration that ASIC breached its policies and requests contractual damages for both defense costs and indemnity.  Because this count simply regurgitates the breach of contract claims and requests identical relief, it serves no useful purpose and would not clarify the legal rights or obligations at issue.  Moreover, Section 533 prohibits any duty to indemnify as a matter of law.  Therefore, Office Depot's declaratory judgment claim should also be dismissed.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Office Depot is an office supply company with its principal place of business in Boca Raton, Florida.   Complaint ("Compl."), ¶ 2.  In March 2009, a

whistleblower named David Sherwin filed a *qui tam* lawsuit against Office Depot on behalf of more than 1,000 California state and local government entities (the "Whistleblower Suit"). *Id*., ¶¶ 7-8. The Whistleblower Suit asserted a single count under the California False Claims Act and alleged that Office Depot employed "a variety of underhanded pricing practices" to defraud California public entities out of tens of millions of dollars. *See* Corrected First Amended Complaint, attached as Exhibit A[1] to Complaint, pp. 26-27 at ¶ 42; pp. 43-44 at ¶¶101-107.

Specifically, the Whistleblower Suit claimed that Office Depot "knowingly presented and caused to be presented…false and fraudulent claims, and knowingly failed to disclose material facts, in order to obtain payment and approval from" California public entities. *Id*., pp. 43-44 at ¶103. Office Depot settled the Whistleblower Suit by paying $68.5 million to the plaintiffs. Compl., ¶ 11.

Office Depot sought coverage for the Whistleblower Suit under two policies issued by ASIC: AIG netAdvantage Policy No. 966-95-20 covering the period from March 8, 2007 through March 8, 2008(the "07-08 Policy") and AIG netAdvantage Policy No. 345-53-20 covering the period from March 8, 2008 through March 8, 2009 (the "08-09 Policy") (collectively, the "ASIC Policies"). Compl., ¶¶13-15, 24.

Office Depot listed a Florida mailing address on each of the ASIC Policies. *See* Exhibit C to the Complaint, p. 497; **Exhibit 1** hereto, p. 1.[2] The 08-09 Policy

---

[1] Office Depot's Complaint also attaches a Complaint-in-Intervention of the City of Los Angeles as Exhibit B (the "Complaint-in-Intervention"). The Complaint-in-Intervention is substantially similar, and in many respects identical, to the Corrected First Amended Complaint.

[2] Although the 2008-2009 policy is not attached to the complaint, it is incorporated by reference and may therefore be considered at the pleading stage. A court may consider documents incorporated by reference in the complaint without converting the motion to dismiss into a motion for summary judgment. *Knievel v. ESPN*, 393 F. 3d 1068, 1076 (9th Cir. 2005). Office Depot references and relies upon the

also includes a "Florida Cancellation/Nonrenewal Endorsement" which conforms the policy's cancellation procedure with Florida law.  Ex. A, End. #23.

The ASIC Policies provide, among other coverages, media liability coverage.  *Id.*, ¶15.  Office Depot reported the Whistleblower Suit under the media liability section of the ASIC Policies.  *Id.*, ¶¶23-24.  ASIC denied coverage and explained that, among other things, (1) the Whistleblower Suit did not involve allegations related to media liability; (2) the Whistleblower Suit was barred by numerous exclusions, including but not limited to the contractual liability exclusion, the prior acts exclusion, the price warranty exclusion, and the false advertising exclusion; and (3) the first alleged Wrongful Act did not occur during the policy period.  *See, e.g.* August 14, 2014 Letter as attached as Exhibit F to the Complaint, p. 594-603.

Office Depot disputed ASIC's coverage determination and filed this suit on April 2, 2015 in the United States District Court for the Central District of California, Western Division.

## III.   SECTION 533 BARS PLAINTIFF'S INDEMNITY CLAIM

### A.   Section 533 precludes indemnification for willful acts

California law prohibits the indemnity coverage Office Depot demands. Section 533 of the Insurance Code bars insurers from indemnifying the willful acts of the policyholder.  Cal. Ins. Code. Section 533.

As the Court held in *California Amplifier, Inc. v. RLI Insurance Co.,* 94 Cal. App.4th 102 (2001),

> "Insurance Code Section 533 embodies a public policy to discourage willful wrongdoing. [citation omitted] Liability arising from intentional and inherently or predictably harmful conduct cannot be covered by liability insurance…"

2008-2009 policy in its Complaint.  Compl., ¶ 13.  Accordingly, it is attached as Exhibit 1 and may considered by the Court on this motion to dismiss.

4

94 Cal. App.4th at 116.

Courts routinely apply Section 533 to preclude indemnity coverage for the allegedly willful acts of an insured. *Axis Reinsurance Co. v. Telekenex, Inc*., 913 F. Supp. 2d 793, 806-07 (N.D. Cal. 2012) (holding Section 533 barred indemnity coverage for claim that insured misappropriated competitor's customers); *Trailer Marine Transport Corp. v. Chicago Ins. Co*., 791 F. Supp. 809, 811-12 (N.D. Cal. 1992) (holding Section 533 barred indemnity coverage for antitrust claim).

This rule applies with equal force to cases that are settled before reaching final judgment. *California Amplifier, Inc. v. RLI Ins. Co*., 94 Cal. App. 4th 102, 105-106, 116 (2001).

The meaning of "willful act" under Section 533 includes, among other things, acts "intentionally performed with knowledge that damage is highly probable or substantially certain to result." *Mez Indus., Inc. v. Pac. Nat. Ins. Co*., 76 Cal. App. 4th 856, 875-76 (Cal. Ct. App. 1999) (internal citations omitted). "Willful Acts" also include any intentional and wrongful act "in which the harm is inherent in the act itself." *Id.*

As a matter of law, Office Depot's conduct in the Whistleblower Suit must be purely willful. To state a claim under the Section 12651(a)(1) of the California False Claims Act, the whistleblower must establish that the defendant (Office Depot):

> Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval.

California Government Code Section 12651(a)(1).

Tracking the California False Claims Act, the Whistleblower Suit alleges only willful acts; there are no allegations of negligence. Rather, the Whistleblower Suit alleges that Office Depot acted with intent and knowledge of the resulting harm to the contracting parties. Some of the pertinent allegations of the underlying Complaint are:

42.  From at least 2001 until January 1, 2011, Office Depot **knowingly** violated its contracts with hundreds of California public entities through a variety of underhanded pricing practices, including without limitation the following:

- Office Depot….. **intentionally** did not extend those lower prices … as was required.
- Office Depot **fraudulently** encouraged or surreptitiously…..

****

- Office Depot **intentionally**  did not apply manufacturer rebates…..
- Office Depot increased prices at any time… **in knowing violation** of the USC contract…..

43.   Office Depot **defrauded** Real Parties by charging Real Parties higher prices than the prices it offered to other governmental entities in California…. Office Depot **knew** it was offering other government customers significantly better prices than it was offering Real Parties, but chose not to report those better prices to L.A. County or otherwise extend them to the USC contract, both **in knowing violation of its contract…**

****

45.   …..At the time it entered into the contracts, Office Depot **knew** it was obligated to extend the new contracts' lower prices to the USC contract.  In both

6

cases, however, Office Depot **knowingly failed** to incorporate the lower prices into the USC contract.  The company thus had it both ways—it won new business from public entities not participating in U.S. Communities, while also maintaining its high margins on the USC contract, which was by far its largest contract.

****

76.   **Office Depot took steps to conceal** from customers the price increases that resulted from switching to Option 2…..  Office Depot knew that its customers expect prices to change with the release of the annual catalogs.  It **cynically** timed the transition of many customers to coincide with the catalog release that the customers would attribute price increases to the new catalog, and not Option 2.

77.   …. Office Depot continued to switch its customers into Option 2 despite **knowing** it represented an increased cost, **securing those customers' consent by misrepresenting the Option's benefits and drawbacks.**

****

84.   Real Parties' trust in Office Depot was misplaced.  **Office Depot misrepresented its costs as a matter of course** so that its GP floor price consistently exceeded its discounted list price….

****

91.   **Office Depot's failure to apply manufacturer rebates** when calculating the GP floor **was a conscious decision** made on a national basis by

7

1   senior executives in the company's government and
2   education business. ....

3                         ****

4                         ****

5   *Whistleblower Suit*, Exhibit A to the Complaint, pp. 13, 38-43
6   at ¶¶ 42, 43, 45, 76-77, 84, 91 (Emphasis added.)

7          For each of these "fraudulent schemes," Office Depot is alleged to have
8   acted with actual knowledge that the public entities would overpay for goods and
9   thus be damaged.  The Whistleblower Suit allegations are the exact type of willful
10  acts that Section 533 was intended to deter.

11         For example, in *California Amplifier, Inc.*, <u>supra,</u>  the Court held that false
12  or misleading statements made in the sale of securities were willful and not
13  insurable under Section 533:

14         "... The false or misleading statement may be made
15         recklessly rather than with actual knowledge of its falsity.
16         However, **the conduct involved as a whole constitutes**
17         **intentional and deliberate wrongdoing** because the purpose
18         of the false statement must be specifically intended with the full
19         knowledge of the likelihood of damage....."

20  94 Cal.App.4th at 117. (emphasis added).

21         Like *California Amplifier,* Office Depot's conduct "as a whole" constitutes
22  "intentional and deliberate wrongdoing" because it is done "with the full
23  knowledge of the likelihood of damage" *Ibid.*  Accordingly, Section 533 prohibits
24  indemnity coverage for the Whistleblower Suit.

25         **B.     <u>Section 533 of the California Insurance Code Applies Here</u>**

26         California's choice-of-law rules mandate the application of Section 533 of
27  the Insurance Code to Office Depot's claim for indemnity.  Whether Section 533
28  applies to the Whistleblower Suit "is not a question of interpretation of a contract,

8

but application of a statute. Accordingly, California's governmental interest analysis is the proper framework to determine the choice of law question."   *Col. Cas. Ins. Co. v. Candelaria Corp.*, 2010 WL 1268027, at *5-6 (C.D. Cal. Mar. 31, 2010) at *5-6 citing *Frontier Oil Corp. v. RLI Ins. Co*., 153 Cal. App. 4th 1436, 1460-61 (2007).

The governmental interest test is a three-step analysis which confirms the applicability of Section 533 here.  "First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in questions is the same or different."  *Candelaria*, 2010 WL 1268027, at *6 (internal citations omitted).   Florida has not enacted any statute comparable to Section 533.[3]  Therefore, the Court must move to the next step.

"Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists."  *Id*.  If only one state has a legitimate interest in the application of its law and policy and the other has none, there is a "false conflict" and the Court applies the law of the interested state. *Hurtado v. Superior Court*, 11 Cal. 3d 574, 580 (Cal. 1974) citing Currie, Selected Essays on Conflicts of Laws (1963) p. 189.   Similarly, if one state's law can be applied without violating the policy of the other state, the Court may also find a false conflict.  *Keiholtz v. Lennox Hearth Products, Inc.*, 268 F.R.D. 330, 341 (N.D. Cal. 2010).

California is the only state with an interest in the application of Section 533. The purpose of Section 533 is to discourage willful torts and deter "culpable conduct within its borders."    *Candelaria*, 2010 WL 1268027, at *7; *Marie Y. v. General Star Indem. Co*., 110 Cal. App. 4th 928, 958 (Cal. App. Ct. 2003) ("To

---

[3] ASIC is not waiving its right to assert that, under Florida common law, an insured is barred from seeking coverage for willful acts.

allow insurance indemnity for vicarious liability on this basis would flout Section 533's clear purpose of discouraging willful torts.")  The Whistleblower Suit alleges that Office Depot defrauded California public entities by willfully overcharging for goods, thereby damaging California's taxpayers.  California's interest in applying Section 533 to these facts is paramount.

Florida, however, has minimal interest in precluding indemnity for the willful acts outside of its borders.  All of the victim public entities identified in the Whistleblower Suit are located in California.  None are located in Florida. Accordingly, California is the only state with a legitimate interest in deterring misconduct under these facts.

As the Supreme Court of California has held,

"When one of two states related to a case has a legitimate interest in the application of its law and policy and the other has none, there is no real problem; clearly the law of the interested state should be applied."

*Hurtado*, 11 Cal. 3d at 580.  Because Florida has no interest in the application of Section 533, there is a false conflict and California's law should be applied.  *Id*.

Moreover, the enforcement of Section 533 would not impair Florida's public policy.  Although it has not enacted a comparable statute, Florida's Supreme Court has recognized the public policy underpinning Section 533.  *Ranger Ins. Co. v. Bal Harbour Club, Inc*., 549 So. 2d 1005, 1007 (Fla. 1989) (recognizing general principle that one should not be able to insure against one's own intentional misconduct).

Because "California law can be applied without violating the policy of the foreign state, there is a false conflict, and California law should be applied." *Keiholtz*, 268 F.R.D. at 341.

Third, even if there is a true conflict between Florida and California on this issue of public policy, Florida's interest is dwarfed by California's interest in

10

protecting the collective welfare of its citizens.  In *Candelaria*, the Central District of California applied the governmental interest test to determine whether Section 533 applied to bar the indemnification of punitive damages under an Arizona policy.  *Candelaria*, 2010 WL 1268027, at *6-9.  Although the Court acknowledged Arizona's interest in the performance of Arizona insurance policies, it held that this interest was outweighed by California's "paramount interest…in protecting its residents by deterring tortfeasors…"  *Id*. The Court also noted that failing to apply Section 533 "would create a class of persons—those who travel to California from states that allow for indemnification of punitive damages—whom California is unable to punish for or deter from malicious conduct, even though such conduct occurs within California's borders. This would represent a serious impairment of California's interest."  *Id*.  at *9.

The same concerns are present here.  This matter involves California public entities and California taxpayers who, as the Whistleblower Suit alleges, were harmed by Office Depot's willful acts within California's borders.  Section 533 is intended to deter this precise conduct within California.  For these reasons, California choice-of-law rules mandate that Section 533 of the Insurance Code applies.

## IV.    FLORIDA LAW REQUIRES PLAINTIFF'S BAD FAITH CLAIM BE DISMISSED OR ABATED

### A.    Office Depot's bad faith claim is premature

It is well settled under Florida law that a policyholder or its third-party assignee may not pursue a bad faith claim or breach of the implied covenant of good faith and fair dealing against an insurer without first establishing that the policyholder is entitled to both coverage and damages under the policy.  *See Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275-76 (Fla. 2000); *Blanchard*, 575 So. 2d at 1291.

In *Vest*, the Florida Supreme Court reaffirmed its decision in *Blanchard* and held "that *Blanchard* is properly read to mean that the determination of the existence of liability . . . and the extent of the [insured's] damages are elements of a cause of action for bad faith." 753 So. 2d at 1275 (internal quotations omitted). Thus, the Florida Supreme Court held that a claim under Florida's bad faith statute "is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract" and that "[s]uch a claim <u>should be dismissed</u> as premature" pending said determination. *Id*. at 1276 (emphasis added); *Miami Battery Mfg. Co. v. Boston Old Colony Ins. Co*., 1999 WL 34583205, ay *11 (S.D. Fla. 1999) (clarifying that *Blanchard* rule also applies to third-party insurance contracts).

Courts uniformly apply *Blanchard* to either dismiss or abate bad faith claims that are brought simultaneously with a claim for breach of contract. See, e.g. *Landmark American Ins. Co. v. Studio Imports, Ltd., Inc*., 76 So. 3d 963 (Fla. 4th DCA 2011); *Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co*., 2013 WL 3892956, at *2-3 (S.D. Fla. July 26, 2013);. The Court has not yet determined ASIC's liability under the policies. Accordingly, Office Depot's claim for bad faith is premature and must be dismissed under Rule 12(b)(6) or abated under Rule 42(b).

**B.   <u>Florida's bad faith law applies to this case</u>**

Florida—not California—law governs Office Depot's bad faith claim. Florida, as the home state of Office Depot and the state with the closest relationship to the policy, has the greater governmental interest in applying its own bad faith law. Therefore, the governmental interest test establishes that Florida law applies to Office Depot's bad faith claim.

Because a claim for breach of the implied covenant of good faith and fair dealing sounds in tort, the Court must apply the "governmental interest" test in determining choice of law. *Nichols v. Nw. Mut. Life Ins. Co.*, 487 F. App'x 339,

12

341-42 (9th Cir. 2012) (applying California's governmental interest test to determine that California bad faith law would not govern dispute involving Oregon policy that was issued to Oregon resident).

The three prongs of a governmental interest analysis lead inevitably to Florida law in this instance.  First, the Court must determine whether the relevant laws are the same or different.  *Id.* at 341.  There are numerous differences between California and Florida's bad faith jurisprudence.  For example, there is no claim for "breach of the implied covenant of good faith and fair dealing" under Florida law.  *QBE Ins. Corp. v. Dome Condo. Ass'n*, 577 F. Supp. 2d 1256, 1261 (S.D. Fla. 2008).  Instead, Florida has enacted a complex statutory framework regulating insurance which requires compliance for any person or entity "transact[ing] insurance in this state, or relative to a subject of insurance resident, located, or to be performed in this state…"  Section 624.11(1), Florida Statutes.  This statutory framework includes Florida's bad faith law, Section 624.155.

Further, and more germane to this motion, Florida does not permit a policyholder to sue for bad faith absent first a determination of contract damages.  *Blanchard*, 575 So. 2d at 1291.  California, on the other hand, allows both claims to be brought simultaneously.  *Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.*, 78 Cal. App. 4th 847 (Cal. Ct. App. 2000).  The relevant bad faith law is therefore different between states.

The next step in the "governmental interest" analysis is evaluating the states' respective interests in applying their own laws.  Florida, of course, has a significant interest in applying its bad faith laws to a case involving a Florida policyholder like Office Depot.

Confronted with similar choices, courts have held that the home state of the policyholder has the greater interest in applying its own bad faith law.   For example in *Paul Revere Life Ins. Co. v. Patniak*, 2004 WL 1059805, at *4 (D.N.J.

April 1, 2004),  the Court held the law of the state of the insured's residency applies for "bad faith":

> "Considering that the purpose of Pennsylvania's bad faith statute is to protect its residents from overreaching insurance companies, Patniak, a New Jersey resident, has not demonstrated that Pennsylvania has a priority of interest in the application of its law."

Moreover, the 08-09 Policy contains a "Florida Cancellation/Nonrenewal Endorsement" which conforms the policy's cancellation procedure with Florida law.  Ex. A, End. #23. As the state with the closest relationship to the policy and policyholder, Florida has a significant interest in applying its own bad faith law to this action.

California, however, has no interest in applying its own bad faith law to a Florida insured.  The purpose of California's bad faith tort is to protect the California policyholder.  *Old Republic Ins. Co. v. FSR Brokerage, Inc*., 80 Cal. App. 4th 666, 684 (2000).  The policyholder in this case, Office Depot, maintains its principal place of business in Florida and lists a Florida mailing address on each of the ASIC Policies.  Compl.,  ¶2; Ex. C to Compl., p. 497; Ex. A hereto, p. 1. The insurer, ASIC, is an Illinois corporation with its principal place of business in New York.  Compl., ¶ 3.

Because California has no interest whatsoever in the insurance relationship, the law of the interested state (Florida) should apply.  *Nichols*, 487 Fed. Appx. at 341-42, and the bad faith claim by a Florida resident should be dismissed as premature under Florida law.

## V.    <u>PLAINTIFF'S DECLARATORY JUDGMENT CLAIM IS DUPLICATIVE OF THE BREACH OF CONTRACT CLAIMS</u>

Courts have repeatedly dismissed unnecessary "declaratory relief" claims where they are mere surplusage of the other claims.

"A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action."  *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009).  Office Depot has already asserted claims alleging that ASIC breached its duty to defend (Count I) and its duty to indemnify (Count II).  Complaint at ¶¶ 30-41.  Nonetheless, Office Depot also asserts a separate claim seeking a declaration that ASIC had a "duty to defend and indemnify" Office Depot in the Whistleblower Suit, that ASIC breached one or more of its policies, and that ASIC owes damages under the policies.  D.E. 1-1 at ¶ 53.  This is the same exact relief sought in Counts I and II.  *Id.* at ¶¶ 33-35; 39-41.

Accordingly, the declaratory judgment claim is duplicative and therefore should be dismissed as redundant.

Confronted with similar complaints, courts have dismissed these unnecessary "declaratory relief" claims.  For example, in *Tat Tohumculuk, A.S. v. H.J. Heinz Co*., 2013 WL 6070483, at *2 (E.D. Cal. Nov. 14, 2013), the court dismissed a declaratory judgment claim as duplicative and noted that the "remaining contractual claims adequately address these issues."  Similarly, the court in *Technology & Intellectual Property Strategies Group PC v. Fthenakis*, 2011 WL 3501690, at *10 (N.D. Cal. Aug. 10, 2011) found that there was nothing in the Complaint "to suggest that the declaratory relief claim would entitle [claimant] to any damages or relief beyond the relief requested pursuant to his substantive claims."  Because the declaratory relief sought by Office Depot in Count 4 is duplicative of the contractual damages sought in Counts 2 and 3, Office Depot's claim for declaratory relief should be dismissed.

Moreover, to the extent that Office Depot seeks a declaratory judgment that ASIC must indemnify Office Depot's willful actions, such a claim is barred by Section 533 and should be dismissed on that basis as well.  *See supra* at Section 3.

## VI.   **CONCLUSION**

Counts II-IV fail to state a claim under the applicable State law.

1    Office Depot's demand for indemnity is barred by California's Section 533,
2    which precludes wrongdoers in this state from absolving themselves from
3    responsibility for willful acts by having insurance pay for it.  By contrast, Florida
4    has the compelling interest in disputes between its residents and their carriers over
5    allegations of bad faith.  As such, the bifurcation under Florida law between
6    coverage and claims of bad faith must be respected.  Finally, Office Depot's
7    declaratory judgment claim is duplicative and serves no independent purpose in
8    this action.

9    For the foregoing reasons, ASIC respectfully requests that the Court:

10   • dismiss Count II (duty to defend) and Count IV (declaratory
11     judgment);

12   • dismiss or abate Count III (Tortious Breach of the Implied Covenant
13     of Good Faith and Fair Dealing).

14

15   Dated:  May 18, 2015              CARLTON FIELDS JORDEN BURT, LLP

16

17

18                                    By:    /s/ Mark A. Neubauer
                                      MARK A. NEUBAUER
19                                    Attorneys for Defendant AIG SPECIALTY
                                      INSURANCE COMPANY
20

21

22

23

24

25

26

27

28