UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-02416-SVW-JPR | Date | June 6, 2016 |
| Title | Office Depot Inc. v. AIG Specialty Insurance Company | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [19]

## I.  Introduction

In March 2009, David Sherwin filed a *qui tam* lawsuit (the "Whistleblower Suit") against Office Depot Inc. ("Office Depot"), alleging violations of the California False Claims Act ("CFCA"). Complaint, ¶¶ 7-8. Office Depot filed a claim with its insurer, AIG Specialty Insurance Company ("AIG"), seeking defense and indemnification. *Id.*, ¶¶ 23-24. AIG denied coverage. Office Depot settled the Whistleblower Suit in 2014 and filed the present lawsuit on April 2, 2015, claiming that AIG is obligated to reimburse Office Depot for a portion of the settlement amount. *Id.*, ¶ 11.

On May 18, 2015, AIG moved to dismiss, arguing that (1) insurance coverage of the Whistleblower Suit is precluded by California Insurance Code § 533; (2) Office Depot's claim for breach of the implied duty of good faith and fair dealing must be dismissed or abated pending resolution of the coverage issue; and (3) Office Depot's declaratory judgment claim is duplicative of its other claims. Dkt. 19. Office Depot opposes the motion. Dkt. 26.

## II.  Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacific Police Dep't*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02416-SVW-JPR | Date | June 6, 2016 |
|---|---|---|---|
| Title | *Office Depot Inc. v. AIG Specialty Insurance Company* | | |

901 F.2d 696, 699 (9th Cir. 1988). The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995).

The court need not, however, accept as true unreasonable inferences or legal conclusions cast in the form of factual allegations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Thus, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (citations omitted)); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausible suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly*).

### III. Background

Office Depot is an office supply company with its principal place of business in Boca Raton, Florida. Compl., ¶ 2. In March 2009, Sherwin filed the Whistleblower Suit against Office Depot on behalf of more than 1,000 California state and local government entities, alleging that Office Depot violated the California False Claims Act ("CFCA"). *Id.*, ¶¶ 7-8. Specifically, the Suit alleged that Office Depot "knowingly presented and caused to be presented . . . false and fraudulent claims, and knowingly failed to disclose material facts, in order to obtain payment and approval from" California public entities.[1] Corrected First Amended Complaint ("Whistleblower Complaint"), Compl., Exh. A, at ¶ 103.[2]

---

[1] The Suit alleged that Office Depot did this by engaging in several practices that caused public entities to be overcharged under a supply contract for office and stationary supplies between Office Depot and numerous public entities. Compl., Exh. A, at ¶¶ 2-10.

[2] Because Rule 12(b)(6) review is confined to the face of the complaint, the court typically does not consider material outside

:
_____
Initials of Preparer
PMC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02416-SVW-JPR | Date | June 6, 2016 |
|---|---|---|---|
| Title | *Office Depot Inc. v. AIG Specialty Insurance Company* | | |

Nineteen entities filed intervention complaints, including direct claims against Office Depot for common law fraud and breach of contract claims. Complaint, ¶ 9. The parties conducted extensive fact discovery, ultimately settling the case for $68.5 million. *Id.*, ¶¶ 10-11.

Office Depot sought coverage for the Whistleblower Suit under two consecutive policies issued by AIG, covering the two years form March 8, 2007 through March 8, 2009. *Id.*, ¶ 14; 2007-2008 Policy; Motion, Exh. 1 ("2008-2009 Policy").[3] The polices both contain a series of "optional" insurance coverage "modules;" the module at issue in this suit is titled "Multimedia Module." Each Multimedia Module has a limit of $15 million in insurance coverage, excess of a "Retention" (aka deductible) of $250,000. Complaint, ¶ 16. The Modules obligate AIG to pay for damages resulting against claims against Office Depot for wrongful acts occurring during the policy period. *Id.*, ¶ 17. It also imposes on AIG a duty to defend against covered claims. *Id.*, ¶ 23. Under the policy:

"'Wrongful Act' means, solely in the broadcast, creation, distribution, exhibition,

---

the pleadings (e.g., facts presented in briefs, affidavits, or discovery materials) in deciding such a motion. *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996). It may, however, properly consider exhibits attached to the complaint and documents whose contents are alleged in the complaint but not attached, if their authenticity is not questioned. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the Court will consider the following exhibits attached to the complaint: (1) The Whistleblower Complaint, Exh. A; (2) The AIG NetAdvantage 2007-2008 Policy ("2007-2008 Policy"), Exh. C; and (3) the August 11, 2014 Denial Letter ("Denial Letter"), Exh. F. The remaining exhibits are not relevant to the Court's analysis. Plaintiff additionally requests that the court take judicial notice of (1) the January 13, 2015 Notice of Settlement Agreement in the Whistleblower Suit and (2) the Plaintiff's Reply Memorandum of Points and Authorities in support of Motion for a Case Management Order Phasing Discovery and Trial in the Whistleblower Suit. Dkt. 27. The Court denies Plaintiff's request because the Court does not rely on either of these documents in deciding the present motion to dismiss.

[3] Although the 2008-2009 Policy is not attached to the Complaint, it is properly incorporated by reference and is therefore subject to judicial notice. *See* Compl., ¶¶ 13-23. A court may consider documents incorporated by reference in the complaint without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (noting that a court may consider a document whose contents are alleged in a complaint, so long as no party disputes its authenticity), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Because neither party disputes the authenticity of the copy of the 2008-2009 Policy attached to the defendant's motion, the Court takes judicial notice of the 2008-2009 Policy.

:

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02416-SVW-JPR | Date | June 6, 2016 |
|---|---|---|---|
| Title | *Office Depot Inc. v. AIG Specialty Insurance Company* | | |

performance, preparation, printing, production, publication, release, display, research or serialization of material by [Office Depot], any actual or alleged act, error, omission, breach of duty, misstatement or misleading statement, first occurring during the policy period, which results in . . . loss because a third party, which has no ownership relationship with [Office Depot], acts upon or makes a decision or decisions based on the content of the material disseminated by [it] with [its] permission." *Id.*, ¶ 18.

"Material" means "written descriptions and information" in "(1) publications, including, but not limited to newspaper, newsletter, magazine, book and other literary form, monograph, brochure, directory"; (2) "in any publicity or promotion"; or (3) "displayed on an internet site." *Id.*, ¶ 22.

AIG denied coverage of the Whistleblower Suit. Denial Letter at 594-603. On April 2, 2015, Office Depot filed the present lawsuit, claiming that AIG is obligated to reimburse it for $30 million of the amount it paid to California public entities to settle the Whistleblower Suit.

### IV. Analysis

#### A. *Whether California Insurance Code § 533 Precludes Coverage of the Whistleblower Suit*

Defendant first alleges that California Insurance Code § 533 precludes coverage of the Whistleblower Suit because CFCA liability is not insurable as a matter of law. It asserts that because § 533 eliminates any duty to defend against or indemnify such claims, Office Depot's first and second claims for breach of contract (duty to defend) and breach of contract (duty to indemnify) must be dismissed.[4]

Section 533 of the California Insurance Code states that an "insurer is not liable for a loss caused by the willful act of the insured." Cal. Ins. Code § 533. "Insurance Code Section 533 embodies a public policy to discourage willful wrongdoing. Liability arising from intentional and inherently or predictably harmful conduct cannot be covered by liability insurance." *California Amplifier, Inc. v. RLI Insurance Co.*, 94 Cal. App. 4th 102 (2001).

---

[4] Defendant contends that California law governs Office Depot's breach of contract claims and the application of § 533. Office Depot does not dispute the application of California law. Opp., at 8.

|   |   |
|---|---|
|   | : |
|   | Initials of Preparer |
|   | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02416-SVW-JPR | Date | June 6, 2016 |
|---|---|---|---|
| Title | *Office Depot Inc. v. AIG Specialty Insurance Company* | | |

The meaning of "willful act" under Section 533 includes, among other things, acts "intentionally performed with knowledge that damage is highly probably or substantially certain to result." *Mez Indus., Inc. v. Pac. Nat. Ins. Co.*, 76 Cal. App. 4th 856, 875-76 (1999). It also includes any intentional and wrongful act "in which the harm is inherent in the act itself." *Id.* "But, there may be coverage for negligence, gross negligence and recklessness." *California Amplifier*, 94 Cal. App. 4th at 112.

Insurance Code section 533 cases recognize that the line between reckless conduct and intentional and predictably harmful conduct is difficult to draw. Nevertheless, a "wilful act" under Insurance Code section 533 has been defined as "an act deliberately done for the express purpose of causing damage or intentionally performed with knowledge that damage is highly probable or substantially certain to result." A "wilful act" includes a "deliberate, liability-producing act that the individual, before acting, expected to cause harm.... Therefore, section 533 precludes indemnification for liability arising from deliberate conduct that the insured expected or intended to cause damage."

*Id.* at 116-17 (citing *Shell Oil Co. v. Winterarthur Swiss Ins. Co.*, 12 Cal. App. 4th 715, 742-43 (1993); *Mez Industries,* 76 Cal.App.4th at 875-876).

AIG argues that claims brought under the CFCA necessarily meet the definition of "willful acts" under Insurance Code § 533 and therefore are precluded from insurance coverage as a matter of law. To state a claim under Section 12651(a)(1) of the CFCA, the whistleblower must establish that the defendant "knowingly present[ed] or cause[d] to be presented a false or fraudulent claim for payment or approval." Cal. Gov. Code § 12651(a)(1).

Office Depot argues that the scienter required for a CFCA claim includes not only the "willful" conduct precluded by Section 533, but also insurable reckless conduct. The requirement under the CFCA that claims be "knowingly" presented includes claims submitted with "[r]eckless disregard for the truth or falsity of the information" where "specific intent to defraud is not required." Cal. Gov't Code § 12650(B)(3); *see also San Francisco Unified School Dist. V. First Student, Inc.*, 224 Cal. App. 4th 627, 631, 646, 649 (2014) (noting that the CFCA prohibits the submission of false claims not only where the defendant knew the information was false, but also the "'ostrich' type situation where an individual has 'buried his head in the sand' and failed to make simple inquiries which would alert him that false claims are being submitted," quoting *U.S. v. Bourseau*, 531 F.3d 1159, 1168 (9th Cir. 2008)); *Thompson Pac. Constr., Inc. v. City of Sunnyvale*, 155 Cal. App. 4th 525, 549-50 (2007) ("The CFCA

:
_____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02416-SVW-JPR | Date | June 6, 2016 |
|---|---|---|---|
| Title | *Office Depot Inc. v. AIG Specialty Insurance Company* | | |

does not demand a deliberate lie but allows for liability where the defendant acts in deliberate ignorance or in reckless disregard of the truth of the claim"). Office Depot therefore argues that CFCA claims are not precluded by § 533 as a matter of law, because such claims may base liability on reckless, rather than willful conduct.

Although Office Depot is correct in noting that the CFCA only requires recklessness with regards to the truth or the falsity of the statement, the CFCA includes an *additional* scienter requirement: the specific intent to induce reliance – i.e., to induce the payment of claims. Courts have found § 533 to preclude such causes of action, which include multiple scienter elements, at least one of which requires intent or knowledge.

*California Amplifier*, 94 Cal. App. 4th at 117, and *Raychem Corp. v. Federal ins. Co.*, 853 F. Supp. 1170, 1179-80 (N.D. Cal. 1994), demonstrate the distinction between causes of action which only require recklessness and causes of action which require recklessness with regards to one element, but intent or knowledge with regards to another element. In *California Amplifier*, the court was presented with the question of whether § 533 applied to California Corporate Securities Law §§ 25400(d) and 25500. Section 25400(d) makes it unlawful for any person "to make, for the purpose of inducing the purchase or sale of such security by others, any statement which was . . . false or misleading . . . and which he knew or had reasonable ground to believe was so false or misleading." 94 Cal. App. 4th at 109. Section 25400(d) is penal in nature: a violation could result in imprisonment for five years and a fine of up to $10 million. *Id.* at 108.

The court held that "[t]he required level of culpability for a section 25400, subdivision (d) violation is the equivalent of recklessness." *Id.* at 109. However, "[t]he statement also must be made 'for the purpose of inducing the purchase or sale of' a security by another person." *Id.* at 110 (quoting Corp. Sec. § 25400 (d)). "The 'for the purpose of inducing' language in section 25400, subdivision (d), requires that 'the defendant knew what he or she was doing and did it intentionally.'" *Id.* (citing 1 Marsh & Volk, Practice Under the Cal. Securities Laws (2001) § 14.05[3][b]). Thus, "[r]ecklessness satisfies one element of the statute, but deliberate intent is required to satisfy another element. As a result, a violation may be based on negligent (reckless) conduct in part, but not on negligent conduct alone." *Id.*

The court was ultimately tasked with determining § 533 applied to 25500, which creates a private remedy for damages for violations of 25400 but includes the additional requirement that the defendant's misrepresentations were knowingly false. *Id.*, at 109, 112. Its comments regarding Section

:

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02416-SVW-JPR | Date | June 6, 2016 |
|---|---|---|---|
| Title | *Office Depot Inc. v. AIG Specialty Insurance Company* | | |

25400 are therefore admittedly dicta. However, even having acknowledged that 25500 presents an easy case of § 533 preclusion, the court reemphasized that the intent to induce reliance is enough to preclude insurance coverage under § 533, even where the statute only requires recklessness with regards to the truth or falsity of the statement.

> As we have concluded, section 25500 liability requires more than recklessness. The false or misleading statement may be made recklessly rather than with actual knowledge of its falsity. However, the conduct involved as a whole constitutes intentional and deliberate wrongdoing because the purpose of the false statement must be specifically intended with full knowledge of the likelihood of damage. There must be a knowing and purposeful act that is intended to cause damage by artificially altering the price of a security in order to induce a sale or purchase. Damage from the manipulation of the security is expected and "highly probable or substantially certain to result." In fact, since the act is the manipulation of the stock price, it can be said that the "harm is inherent in the act itself."

*Id.* at 117 (citing *Shell*, 12 Cal.App.4th at 742; *Mez Industries,* 76 Cal.App.4th at 875-76; *J.C. Penney Casualty Ins. Co. v. M.K.*, 52 Cal.3d at 1025).

*Raychem* fits within this framework. The court in *Raychem* held that § 533 did not bar coverage for SEC Rule 10b-5 violations because "recklessness" is sufficient scienter for a 10b-5 violation. 853 F. Supp. At 1179-80. However, violations of Rule 10b-5 – unlike violations of the False Claims Act – do not include a separate element requiring "intent to induce reliance." *See In re Daou Systems, Inc.*, 411 F.3d 1006, 1014 (9th Cir. 2005) ("The basic elements of a Rule 10b–5 claim, therefore, are: (1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss.").

This distinction also comports with a line of cases explicitly stating that causes of action for negligent misrepresentation and fraud are precluded by § 533. "Under California Civil Code 1688, Insurance Code 533 and the case law interpreting those provisions, insurance may not indemnify anyone from fraud or from negligent misrepresentation." *Employers Ins. of Wausau v. Musick, Peeler & Garrett*, 871 F.Supp. 381, 386 (S.D. Cal. 1994) (citing *Dykstra v. Foremost Ins. Co.*, 14 Cal. App. 4th 361, 366 (1993) ("[I]t is likewise established that negligent misrepresentations causing investment loss or loss of other economic interest are considered purposeful rather than accidental for the purpose of insurance coverage.... The underlying rationale of this rule is that negligent misrepresentation requires

:
───────────────
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02416-SVW-JPR | Date | June 6, 2016 |
|---|---|---|---|
| Title | *Office Depot Inc. v. AIG Specialty Insurance Company* | | |

intent to induce reliance and, therefore, is a subspecies or variety of fraud which is excluded from policy coverage"); *St. Paul Fire & Marine Ins. Co. v. Weiner*, 606 F.2d 864, 870 (9th Cir. 1979) (discussing California Codes and cases holding that an insurer may not indemnify for fraud); *Allstate Ins. Co. v. Hansten*, 765 F. Supp. 614, 616 (N.D. Cal. 1991) ("Under California law, no contractual agreement may indemnify anyone from his own fraud . . . . Negligent misrepresentation is included within the definition of fraud"); *see also F.D.I.C. v. General Star Nat. Ins. Co.*, No. CV 11-3729-JFW (MRWx), 2012 WL 398352, at *7 (C.D. Cal. Feb. 7, 2012) ("Under California law, negligent misrepresentation is a species of fraud, and, 'California law prohibits indemnification for intentionally harmful conduct such as fraud or misrepresentation,'" quoting *Spa De Soleil, Inc. V. General Star Indemnification Co.*, 787 F.Supp.2d 1091, 1098 (C.D. Cal. 2011)); *Spa De Soleil*, 787 F. Supp. 2d at 1099 ("California law prohibits indemnification for intentionally harmful conduct such as fraud or misrepresentation," citing *Employers Ins. Of Wausau*, 871 F. Supp. at 386); *cf. Chatton v. Nat'l Union Fire Ins. Co.*, 10 Cal. App. 4th 846, 860-61 (1992) (holding that "negligent misrepresentations are considered purposeful rather than accidental for the purpose of insurance coverage" because "negligent misrepresentation requires intent to induce reliance and, therefore, is a subspecies or variety of fraud which is excluded from policy coverage").

The distinction made in *California Amplifier* is key to reconciling this statement of law with the rule that § 533 does not exclude reckless conduct. As in the Corporate Securities Law sections at issue in *California Amplifier*, common law fraud and negligent misrepresentation causes of action in California require an additional element of scienter: the intent to induce reliance. *See Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal.App.4th 226, 243 (2007) ("The elements of [a] negligent misrepresentation [claim] are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage," citing *Shamsian v. Atlantic Richfield Co.*, 107 Cal.App.4th 967, 983 (2003)); *Small v. Fritz Cos., Inc.*, 30 Cal.4th 167, 173 (2003) (stating that in California, fraud claims have five elements: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage"); *Croeni v. Goldstein*, 21 Cal.App.4th 754, 758 (1994) ("To plead a cause of action for fraud the plaintiff must allege (1) a knowingly false representation by the defendant, (2) an intent to defraud or to induce reliance, (3) justifiable reliance, and (4) resulting damages.").

This additional element of scienter distinguishes reckless misrepresentations and fraud from

:

Initials of Preparer       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02416-SVW-JPR | Date | June 6, 2016 |
|---|---|---|---|
| Title | *Office Depot Inc. v. AIG Specialty Insurance Company* | | |

reckless conduct in general. While reckless conduct does not require a belief that a result will occur, *Shell*, 12 Cal. App. 4th at 742, when a party makes a reckless misrepresentation with the intent of inducing the other party's reliance, the party's reliance is the intended result. *Chatton*, 10 Cal. App. 4th at 861.

In sum, courts have found causes of action that include the intent to induce reliance are precluded from insurance coverage under § 533 as a matter of law, even where those causes of action do not require more than reckless scienter with regards to the truth or falsity of the statement made. The CFCA creates one such cause of action, as it requires the intent to induce reliance. As stated above, the CFCA applies to a person who: (1) knowingly presents or causes to be presented to an officer or employee of the state or of any political subdivision thereof, a false claim *for payment or approval*; (2) knowingly makes, uses, or causes to be made or used a false record or statement *to get a false claim paid or approved by the state or by any political subdivision*. Cal. Gov. Code S 12651(a)(1) and (2)(2007)(emphasis added). By requiring that the false claim be submitted for payment and approval, a False Claims Act violation necessarily requires the intent to induce reliance. Section 533 therefore precludes insurance coverage of CFCA claims as a matter of law.

AIG therefore did not have a duty to defend or indemnify Office Depot against the Whistleblower Suit, and was in fact statutorily precluded from doing so. For this reason, Office Depot's first and second Breach of Contract claims must be dismissed as a matter of law.

    B. *Whether Office Depot's Breach of the Implied Covenant of Good Faith and Fair Dealing Must Be Dismissed or Abated*

Defendant next argues that Office Depot's third claim, alleging a breach of the implied covenant of good faith and fair dealing, must be dismissed as choice-of-law analysis mandates application of Florida law. Under Florida law, a bad faith action brought by a policy holder must be dismissed or abated until the court makes a determination regarding coverage and damages under the policy. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991); *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275-76 (Fla. 2000). Because this order resolves the issues of coverage and damages, defendant's argument regarding the timing of the breach of the implied covenant of good faith and fair dealing claim is moot. Defendant's motion to dismiss the third cause of action on this basis is

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02416-SVW-JPR | Date | June 6, 2016 |
|---|---|---|---|
| Title | *Office Depot Inc. v. AIG Specialty Insurance Company* | | |

denied.[5]

    C. *Whether Office Depot's Declaratory Judgment Claim Must Be Dismissed*

Defendant argues that the declaratory judgment claim must be dismissed because it is duplicative of Office Depot's breach of contract claims. Plaintiff's Declaratory Judgment Claim states:

> Office Depot is entitled to a declaration that AISLIC had a duty to defend and indemnify Office Depot in the Sherwin Lawsuit; that AISLIC breached one or more of the AISLIC Policies; and that AISLIC owes Office Depot amounts to be determined by the Court under one or more of the AISLIC Policies.

Complaint, ¶ 53.

"'A declaratory judgment is not a theory of recovery.' The [Declaratory Judgment Act] 'merely offers an additional remedy to litigants.'" *Flores v. EMC Mortg. Co.*, 997 F.Supp.2d 1088, 1111 (E.D. Cal. 2014) (quoting *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*, 41 F.3d 764, 775 (1st Cir. 1994); *Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2nd Cir. 1997). "Thus, its remedy is unavailable where the plaintiff has not pleaded a cognizable claim in the first instance." *Holmes High Rustler, LLC v. Gomez*, No. 15-CV-02086-JSC, 2015 WL 4999737, *7 (N.D. Cal. Aug. 21, 2015). *See also Simmons First Nat'l Bank v. Lehman*, No. 13-CV-02876-DMR, 2015 WL 1503437, *7 (N.D. Cal. Apr. 1, 2015) (same).

Because the Court dismisses plaintiff's first and second claims, alleging breaches of defendant's duty to defend and duty to indemnify, respectively, plaintiff's declaratory judgment cause of action is dismissed to the extent it seeks declaratory relief based on those claims. However, as discussed above, plaintiff's third claim for the breach of the implied covenant of good faith and fair dealing claim survives the present motion to dismiss. Even if the declaratory relief claim appears duplicative because it is framed as a separate claim, rather than a remedy, the court finds it premature to dismiss the declaratory judgment claim to the extent that it is based on plaintiff's third claim.

---

[5] Defendant does not raise the argument regarding whether Office Depot's third claim can still stand after dismissal of the first two breach of contract causes of action, under either Florida or California law.

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02416-SVW-JPR | Date | June 6, 2016 |
|---|---|---|---|
| Title | *Office Depot Inc. v. AIG Specialty Insurance Company* | | |

### V. Order

For the aforementioned reasons, the motion to dismiss is GRANTED IN PART AND DENIED IN PART. The Court GRANTS AIG's motion to dismiss the first and second claims, as well as the fourth claim to the extent that it seeks declaratory relief based on Office Depot's first and second claims. It DENIES AIG's motion to dismiss the third claim, as well as the fourth claim to the extent that it is based on Office Depot's third claim.

IT IS SO ORDERED.

Initials of Preparer  PMC