KILPATRICK TOWNSEND & STOCKTON LLP
Brent W. Brougher (CA Bar No. 167791)
bbrougher@kilpatricktownsend.com
1100 Peachtree Street NE, Suite 2800
Atlanta, GA  30309-4528
Telephone:  (404) 815-6500
Facsimile:   (404) 815-6555

Attorneys for Plaintiff
OFFICE DEPOT, INC.

CARLTON FIELDS JORDEN BURT. LLP
Mark A. Neubauer (73728)
mneubauer@cfjblaw.com
2000 Avenue of the Stars, Suite 530 North Tower
Los Angeles, California 90067-4707
Telephone:  (310) 843-6300
Facsimile:   (310) 843-6301

Attorneys for Defendant
AIG SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| OFFICE DEPOT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AIG SPECIALTY INSURANCE COMPANY formerly known as AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Defendant. | **CASE NO. 2:15-cv-2416-SVW (JPRx)**<br><br>Assigned to Hon. Stephen V. Wilson; Hon. Jean P. Rosenbluth (Mag. Judge)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date:  N/A (no hearing requested) |

Plaintiff Office Depot, Inc. and Defendant AIG Specialty Insurance Company, Inc., hereby enter into the following stipulated Protective Order:

Pursuant to Fed. R. Civ. P. 26(c), trade secret or other confidential information shall be disclosed only in designated ways:

1. As used in the Protective Order, these terms have the following meanings:

 a. "Action" means the above-referenced lawsuit entitled *Office Depot, Inc. v. AIG Specialty Ins. Co., Inc.*, Case N. 2:15-cv-2416-SVW (JPRx).

 b. "Confidential" documents are documents designated pursuant to paragraph 2. Confidential information includes, but is not limited to, nonpublic information such as financial data, trade secrets, and other operational, proprietary, or technological information that is not publicly available or known, consistent with the definition of "trade secrets" set forth in Cal. Civ. Code § 3426.1(d), such as customer lists, contracts, and internal discussions of strategy relating to marketing, pricing, and contract negotiations. "Confidential" information also includes attorney-client privilege or work product information, to the extent a producing party elects to so produce it; however, the disclosure of any such information does not constitute any subject matter waiver or other waiver beyond that which is produced. "Confidential" documents also include those documents so designated and produced in the lawsuit titled *State of California et al., ex rel. David Sherwin v. Office Depot, Inc.* ("*Sherwin*"), however they may be obtained or produced in the instant case.

 c. "Confidential – Attorneys' Eyes Only" documents are documents designated pursuant to paragraph 5. "Confidential – Attorneys' Eyes Only" documents also include those documents

Case 2:15-cv-02416-SVW-JPR Document 51 Filed 07/27/16 Page 3 of 17 Page ID #:1242

containing attorney-client privilege and work product information; however, the disclosure of any such information does not constitute any subject matter waiver or other waiver beyond that which is produced. "Confidential – Attorneys' Eyes Only" documents also include those documents so designated and produced in the *Sherwin* lawsuit, however they may be obtained or produced in the instant case.

    d.    "Documents" means all originals and copies of records, books, papers, documents, and tangible things, including but not limited to agreements, appointment books, bank checks, bank records, books, books of account, business records, calendars, charge slips, charts, computer print-outs, contracts, correspondence, credit card statements, diaries, drafts, electronic or computerized data, e-mails, facsimiles, files, invoices, journals, legal pleadings, letters, licenses, memoranda, meta-data, notes, papers, promissory notes, receipts, statements, studies, surveys, telegrams, testimony (or summaries thereof), trading records, transcripts, voice mails, vouchers, and all communicative materials of any kind, and copies of all drafts, notes, or any preparatory material concerned with any of the foregoing in the possession, custody, or control of either Party or any of their respective agents, servants, or employees. The term "documents," as used herein, shall also be understood to encompass the contents of such Confidential materials, summaries, or abstracts thereof, notes taken thereon, or like recapitulations thereof.

2. A Party may designate as Confidential any document or information that it in good faith contends contains or discloses Confidential information.

3
STIPULATED PROTECTIVE ORDER

Consistent with the provisions in Paragraphs 10(a) – 10(c) below, only those specific portions of documents containing confidential information should be designated as such.

3. All documents designated as Confidential or any portion of a document so designated, along with the information contained therein, shall be used solely for the purpose of this Action, and no person receiving such documents or information shall, directly or indirectly, communicate, disclose, or transfer in any way the documents or their contents to any person other than those specified in paragraph 4.

4. Access to any Confidential document or information, or to any portion of a Confidential document so designated, by any individual other than the Producing Party shall be limited to:

    a. the Parties;

    b. the Court, including judicial employees, judges, magistrates, special masters, and all other personnel necessary to assist the Court in its function;

    c. counsel of record for the Parties, including their partners, employees, and contractors to whom it is necessary that Confidential information be shown for purposes of this Action;

    d. Court reporters, stenographic reporters, videographers, and all of their personnel necessary to assist them in their functions;

    e. the Parties' agents, employees, directors, insurers, officers, and representatives;

    f. the Parties' former agents, employees, directors, insurers, officers, and representatives who have executed the Agreement annexed hereto as Exhibit A;

    g. outside independent persons who are retained by a Party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like,

and/or to give testimony in this Action and who have executed the Agreement annexed hereto as Exhibit A;

h. during their depositions, persons to whom disclosure is reasonably necessary, in the reasonable judgment of the examining Party, and who have signed the Agreement annexed hereto as Exhibit A; and

i. copy or computer services or litigation support for the purpose of copying or indexing documents or providing litigation support, provided that all documents are retrieved by the Receiving Party upon completion of service.

5. The Parties contend that some of the documents and information sought in this litigation are confidential documents and information relating to the business of the Parties, which are or contain trade secrets or highly confidential business or privileged/work product information protected by applicable law, the disclosure of which (to the Parties or otherwise) could substantially jeopardize the business of the Producing Party and its competitive position in the marketplace, such as internal cost, profit, and margin information and agreements with vendors. No other information shall be designated "Confidential – Attorneys' Eyes Only." Accordingly, except as provided in paragraph 6, all documents and information produced by either Party in this litigation which are labeled in good faith by the Producing Party's counsel as "Confidential – Attorneys' Eyes Only," within the meaning of Fed. R. Civ. P. 26(c), shall be conspicuously marked and maintained confidentially and used solely for the purposes of this Action and not for any business, competitive, or other purpose, and shall not be disclosed by the Parties' respective counsel to anyone, except as otherwise provided for by the provisions of this Order.

6. Access to and disclosure of information and/or documents designated as "Confidential – Attorneys' Eyes Only" pursuant to paragraph 5 shall be limited

to:

    a. trial counsel and/or in–house counsel for the Receiving Party and their respective staffs;

    b. outside experts or outside consultants of the Receiving Party whose advice and consultation are being or will be used in connection with preparation for the litigation or the litigation of this case, subject to the limitations in paragraph 7;

    c. a witness, deponent, or potential witness or deponent, and his/her counsel, during the course of or in preparation for this litigation; provided that such individual does not retain the "Confidential – Attorneys' Eyes Only" materials or any notes related to them, subject to the limitations in paragraph 7;

    d. the Court, including judicial employees, judges, magistrates, special masters, and all other personnel necessary to assist the Court in its function;

    e. Court reporters, stenographic reporters, videographers, and all of their personnel necessary to assist them in their functions; and

    f. copy or computer services or litigation support for the purpose of copying or indexing documents or providing litigation support, provided that all documents are retrieved by the Receiving Party upon completion of service.

    g. trial or in-house counsel for the Parties may not disclose any documents or information designated as "Confidential – Attorneys' Eyes Only" to the Parties, but they may provide the Parties with summaries of the documents or information; a Party will be subject to sanctions if it discloses any information designated as "Confidential – Attorneys' Eyes Only" to anyone other its than trial or in-house counsel.

7. Individuals other than those set forth in Paragraph 6(a), (d), (€, and (f) to whom such "Confidential – Attorneys' Eyes Only" documents or information are shown, furnished, or otherwise disclosed, shall be first shown a copy of this Order and shall sign the document in the form of Exhibit A hereto.

8. Third parties producing documents in the course of this Action may also designate documents as Confidential or "Confidential – Attorneys' Eyes Only" subject to the same protections and constraints as the Parties to the Action. A copy of the Protective Order shall be served along with any subpoena served in connection with this Action. All documents produced by such third parties shall be treated as "Confidential – Attorneys' Eyes Only" for a period of 15 days from the date of their production, and during that period any Party may designate such documents as Confidential or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

9. As to each person required to execute an Agreement in the form attached as Exhibit A, and who is known or suspected to be an employee or agent of, or consultant to, any competitor in the industry of a Party, opposing counsel shall be notified at least 10 days prior to disclosure of Confidential or "Confidential – Attorneys' Eyes Only" documents or information to any such person. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such disclosure within 15 days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the approval of the Court or the objecting Party. Such disclosure shall not waive the right of any Party to object to discovery from the identified individual pursuant to Rule 26(b)(4)(B).

10. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated, subject to paragraph 12. Designation in conformity with this Order requires:

7
STIPULATED PROTECTIVE ORDER

7. Individuals other than those set forth in Paragraph 6(a), (d), (€, and (f) to whom such "Confidential – Attorneys' Eyes Only" documents or information are shown, furnished, or otherwise disclosed, shall be first shown a copy of this Order and shall sign the document in the form of Exhibit A hereto.

8. Third parties producing documents in the course of this Action may also designate documents as Confidential or "Confidential – Attorneys' Eyes Only" subject to the same protections and constraints as the Parties to the Action. A copy of the Protective Order shall be served along with any subpoena served in connection with this Action. All documents produced by such third parties shall be treated as "Confidential – Attorneys' Eyes Only" for a period of 15 days from the date of their production, and during that period any Party may designate such documents as Confidential or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

9. As to each person required to execute an Agreement in the form attached as Exhibit A, and who is known or suspected to be an employee or agent of, or consultant to, any competitor in the industry of a Party, opposing counsel shall be notified at least 10 days prior to disclosure of Confidential or "Confidential – Attorneys' Eyes Only" documents or information to any such person. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such disclosure within 15 days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the approval of the Court or the objecting Party. Such disclosure shall not waive the right of any Party to object to discovery from the identified individual pursuant to Rule 26(b)(4)(B).

10. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated, subject to paragraph 12. Designation in conformity with this Order requires:

a. <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "Confidential" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b. <u>For testimony given in deposition or in other discovery-related proceedings</u>, by the Designating Party identifying on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony or by written notice to the other Party within 30 days of receipt of the transcript identifying all

protected testimony. If only a portion or portions of the testimony qualifies as confidential, the Party must so indicate at the time of designation. Unless otherwise agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only" during the 30-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

    c. <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

11. Confidential or "Confidential – Attorneys' Eyes Only" documents and information used at depositions, hearings or other public or quasi–public proceedings, other than the trial of this cause, shall not be attached to transcripts or other documents memorializing such proceedings, except by agreement of the Parties. Confidential and "Confidential – Attorneys' Eyes Only" documents and information shall not be appended to memoranda, briefs, or other documents or pleadings which will be reviewed by persons other than the persons designated herein or otherwise permitted access thereto under the terms of this Order. Alternatively, Confidential and "Confidential – Attorneys' Eyes Only" documents and information may be attached to such transcripts, memoranda, pleadings, briefs and the like provided that they shall be collectively maintained in an envelope or other protective covering which bears on its front and back the following label:

CONTAINS CONFIDENTIAL [– ATTORNEYS' EYES ONLY] INFORMATION SUBJECT TO A PROTECTIVE ORDER. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT OR BY WRITTEN AGREEMENT OF THE PARTIES.

12. Under no circumstances shall a Party's inadvertent failure to designate Confidential material as such (whether written discovery responses, documents, or testimony) be deemed a waiver of said protection. Any Party who inadvertently fails to identify documents as Confidential or "Confidential – Attorneys' Eyes Only" shall promptly, upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any Party receiving such inadvertently unmarked or improperly designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents within 10 days of receiving such a written request.

13. Any Party who, through inadvertence, produces documents or information that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party in writing and request that the documents be returned. The Receiving Party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The Party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law. Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that if any material as to which a party claims privilege or other protection is inadvertently produced during discovery in this proceeding, such inadvertent production shall not be a waiver of any claim of privilege or other protection by the asserting party.

14. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

public record in this Action any Protected Material.  Pursuant to Local Rule 79-5, Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue, unless the court denies the motion to seal, in which case such material may be filed in the public record.  If a Receiving Party seeks to file under seal any Protected Material, the Receiving Party shall state in its motion to file under seal that the Designating Party, pursuant to the Parties' agreement, shall have seven (7) days to file a response, to give the Designating Party an opportunity further to explain the basis for the Confidentiality designation.

15.   No items will be filed under seal without a prior application to, and order from the judge presiding over the hearing or trial.  Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material filed with the Court be filed in a sealed envelope or the container marked on the outside with the caption of this action and the following statement:

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

If any person fails to file protected documents or information under seal, any party to this lawsuit may request that the Court place the filing under seal.

Whenever the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the public document.  The public document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

16.   In the event disclosure of information or documents covered by this Order is sought by a non-party through any means that may legally require production, such as through a subpoena, discovery in other litigation, or via a

1  request for public records pursuant to any applicable state or local law ("Third Party
2  Request"), the counsel and/or the Party receiving the Third Party Request shall first
3  notify the Producing Party and provide the Producing Party an opportunity to take
4  appropriate measures to protect against the disclosure.

5        17.    Acceptance by a Receiving Party of information, documents, or things
6  identified or marked as Confidential or "Confidential – Attorneys' Eyes Only"
7  hereunder by the Producing Party shall not constitute a concession that such
8  information, documents or things in fact are or include protected material of such
9  disclosing Party. Nothing in this Order shall be deemed a waiver of any Party's
10 right to object to production of any documents or other tangible things or answers to
11 interrogatories for lack of timeliness, relevance or materiality, or as a privileged
12 communication, or as trial preparation materials, or as not reasonably calculated to
13 lead to the discovery of admissible evidence. The existence of this Order must not
14 be used by either Party as a basis for discovery that is otherwise improper under the
15 Federal Rules of Civil Procedure.

16       18.    Any Party or non-party may challenge a designation of confidentiality
17 at any time prior to the commencement of trial. Unless a prompt challenge to a
18 Designating Party's confidentiality designation is necessary to avoid foreseeable,
19 substantial unfairness, unnecessary economic burdens, or a significant disruption or
20 delay of the litigation, a Party does not waive its right to challenge a confidentiality
21 designation by electing not to mount a challenge promptly after the original
22 designation is disclosed. All challenges to confidentiality must be undertaken
23 pursuant to Local Rule 37 and this Court's individual rules.

24       a.    The Challenging Party shall initiate the dispute resolution
25            process by providing written notice of each designation it is
26            challenging and describing the basis for each challenge. To
27            avoid ambiguity as to whether a challenge has been made, the
28            written notice must recite that the challenge to confidentiality is

being made in accordance with this specific paragraph of the Protective Order as well as pursuant to Local Rule 37. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (via telephone or in person) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

b. If the Parties cannot resolve a challenge without court intervention, the Parties shall file and serve a joint stipulation on behalf of both Parties in compliance with Local Rule 37. Each such motion must be accompanied by a competent declaration affirming that the Parties have complied with the meet and confer requirements of Local Rule 37-1.

c. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

19. Within 45 days of final termination (upon the Parties' execution of a release and settlement of their claims and/or the issuance of a final non-appealable Order) of this litigation, and the final resolution of any other claims arising out of or relating to the subject matter of the litigation, unless the Parties otherwise agree, each Party shall assemble all documents or other materials designated as

"CONFIDENTIAL" hereunder that were produced to it, including all copies thereof, and at its option, make available all such documents or materials to the producing party, have them destroyed, or maintain such documents as confidential documents subject to the continuing obligations of this Agreement. As to those materials containing "CONFIDENTIAL" material, which constitute counsel's work product or counsel's file copies of materials served in this matter or submitted to the Court in connection with this litigation, counsel may retain such materials provided that counsel otherwise complies with this Protective Order with respect to such materials. Counsel for any party shall, if requested by counsel for another party, certify that the terms of this paragraph have been complied with to the best of his or her knowledge and belief.

20.  Any Party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

21.  No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the Action or of any position as to discoverability or admissibility of evidence.

22.  This Order shall survive the termination of this litigation.

23.  The Parties have good cause for stipulating to confidential treatment of these documents. The CONFIDENTIAL designation shall be limited to information that, if disclosed publicly, could harm the Parties' business including financial data, trade secrets and other operational, proprietary, or technological information relating to the Parties' business. The designation of CONFIDENTIAL—ATTORNEYS' EYES ONLY shall be limited to documents which are or contain trade secrets or highly confidential business information protected by applicable law, the disclosure of which (to the Parties or otherwise) could substantially jeopardize the business of the Producing Party and its competitive position in the marketplace, or which

arguably consists of attorney-client privileged or work product information. Trade secrets shall be defined consistently with California law as information of "independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use" and that is the subject of reasonable efforts to maintain its secrecy. Cal. Civ. Code § 3426.1(d). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Both parties shall exercise restraint and care in designating material for protection and take care to limit any such designation to specific material that qualifies under the appropriate standards.

AGREED AND STIPULATED THROUGH COUNSEL OF RECORD:

DATED: July 27, 2016          KILPATRICK TOWNSEND & STOCKTON LLP

                              By:  /s/ Brent W. Brougher
                                   Brent W. Brougher

                              Attorney for Plaintiff
                              OFFICE DEPOT, INC.


DATED: July 27, 2016          CARLTON FIELDS JORDEN BURT, LLP


                              By:  /s/ Mark A. Neubauer
                                   Mark A. Neubauer

                              Attorney for Defendant
                              AIG SPECIALTY INSURANCE COMPANY

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing of this stipulation and have authorized the filing of this stipulation.

DATED: July 27, 2016        KILPATRICK TOWNSEND & STOCKTON LLP

By:  /s/ Brent W. Brougher
     Brent W. Brougher

Attorney for Plaintiff
OFFICE DEPOT, INC.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: July 27, 2016

_____
Hon. Jean P. Rosenbluth
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Office Depot, Inc. v. AIG Specialty Ins. Co.*, Case No.: 2:15-cv-02416 -SVW (JPRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
            [printed name]

Signature: _____
            [signature]